**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

99 MAR -5 AM 7: 56

SIGN_____
RICHARD T. MARTIN
CLERK

LUCIEN TEMPLET, JR.; MELISSA POLK, wife of/ and CHRIS POLK; PERCY SHANG GANN; MELBA IRVIN, wife of/and JIMMY IRVIN; JOHN WOODRUFF and GLORIA RODRIQUEZ, wife of/and HECTOR RODRIGUEZ and TRACY L. CANTERBURY
     **Plaintiffs**

CIVIL ACTION NO. 

CV 99-206-A-M2

VERSUS

HYDROCHEM, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; DR. JAMES GRACE, TRENT SMITH; STEVE VARNADO, JR.; GEORGIA GULF CORPORATION; BILL TRAUX; MASTER MAINTENANCE CORPORATION a/k/a MASTER MANAGEMENT CORPORATION; PAYNE AND KELLER COMPANY, INC.; LEXINGTON INSURANCE COMPANY; LOUISIANA INTRASTATE GAS COMPANY, L.L.C.; LOUISIANA INTRASTATE GAS CORPORATION; AMOCO PIPELINE COMPANY; AMOCO ENERGY TRADING CORPORATION; X. L. INSURANCE COMPANY, LTD. and PRIMEX, LTD.
     **Defendants**

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

Petitioners, X.L. INSURANCE COMPANY, LTD. ("X.L.") and PRIMEX, LTD.

("Primex"), by and through their undersigned counsel, with full reservation of any and all

defenses, respectfully file this Notice of Removal and state:

1.     This action is currently pending against Petitioners and other named defendants in the Eighteenth Judicial District Court for the Parish of Iberville Parish, State of Louisiana, bearing Docket No. 48,177 (the "State Action").     However, plaintiffs in the State Action have made class action allegations and plaintiffs' appeal regarding the issue of class certification is presently pending before the Louisiana First Circuit Court of Appeal, bearing Docket Nos. 98/CA/1770, C/W 98 CA 1771, 98 CA 1772, 98 CA 1773.  The State Action was consolidated for pre-trial discovery purposes with 76 other actions filed against Petitioners and the other defendants (the "Consolidated Actions").  On December 23, 1998, X.L. and Primex removed to this Court 67 of the actions included in the Consolidated Actions in which Petitioners are named defendants.  On March 2, 1999, the Honorable John V. Parker denied plaintiffs' motion to remand *Ken Acosta, et al. v. Master Maintenance & Construction, Inc., et al., No. 98-1065-A-M2*, one of the Consolidated Actions.

2.     In the State Action and Consolidated Actions, plaintiffs seek to recover damages from Georgia Gulf and other defendants for injuries allegedly caused by exposure to chemicals at or emanating from Georgia Gulf's facility in Plaquemine, Louisiana.  In the State Action and Consolidated Actions, plaintiffs have asserted claims against X.L. and Primex as insurers of Georgia Gulf.  Plaintiffs originally alleged that the exposures were the result of the negligent acts of Georgia Gulf and certain other defendants.  Recently, however, plaintiffs were allowed, over the objections of X.L. and Georgia Gulf, to amend their pleadings to allege intentional acts against Georgia Gulf.  At the hearing, counsel for X.L. declared that if the state court allowed plaintiffs to amend their complaints to include the intentional tort claims, X.L. would contest insurance coverage to Georgia Gulf for such conduct.  Shortly after the Court granted the plaintiffs permission to amend their complaints to include the intentional tort claims, X.L. and

Primex advised Georgia Gulf that they were contesting coverage for any damages based upon the intentional conduct allegations.

3.     X.L. is a Bermuda corporation with its principal place of business in Hamilton, Bermuda.

4.     Primex is a Barbados corporation with its principal place of business in Bridgetown, Barbados.

5.     The United States and Barbados are parties to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Arbitration Convention"), 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following* 9 U.S.C.A. § 201 (West Supp. 1998) (entered into force for the United States on December 29, 1970). Bermuda is bound by the Arbitration Convention pursuant to the United Kingdom's Instrument of Accession and subsequent extension to Bermuda.

6.     Under Article II of the Arbitration Convention, the United States, Barbados and Bermuda are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them … ." Their courts are also bound to enforce such agreements.

7.     In 1970, Congress enacted legislation to enforce the Arbitration Convention in United States Courts. *See* 9 U.S.C. §§ 201-208.

8.     The insurance policy that X.L. issued to Georgia Gulf that is relevant to the State Action and the Consolidated Actions includes the following arbitration clause:

> (1)     Any dispute, controversy or claim arising out of or relating to this Policy or the breach, termination or invalidity thereof shall be finally and fully determined in London, England under the provisions of the Arbitration Acts of 1950, 1975 and 1979 and/or any statutory modifications or amendments thereto, for the time

being in force, by a Board composed of three arbitrators to be selected for each controversy as follows:

Any party may, in the event of such a dispute, controversy or claim, notify the other party or parties to such a dispute, controversy or claim of its desire to arbitrate the matter, and at the time of such notification the party desiring arbitration shall notify any other party or parties of the name of the arbitrator selected by it. The other party who has been so notified shall within thirty (30) calendar days thereafter select an arbitrator and notify the party desiring arbitration of the name of such second arbitrator. If the party notified of a desire for arbitration shall fail or refuse to nominate the second arbitrator within thirty (30) calendar days following the receipt of such notification, the party who first served notice of a desire to arbitrate will, within an additional period of thirty (30) calendar days, apply to a judge of the High Court of Justice of England and Wales for the appointment of a second arbitrator in such a case the arbitrator appointed by such a judge shall be deemed to have been nominated by the party or parties who failed to select the second arbitrator. The two arbitrators, chosen as above provided, shall within thirty (30) calendar days after the appointment of the second arbitrator choose a third arbitrator. In the event of the failure of the first two arbitrators to agree on a third arbitrator within said thirty (30) calendar day period, either of the parties may within a period of thirty (30) calendar days thereafter, after notice to the other party or parties, apply to a judge of the High Court of Justice of England and Wales for the appointment of a third arbitrator and in such case the person so appointed shall be deemed and shall act as the third arbitrator. Upon acceptance of the appointment by said third arbitrator, the Board of Arbitration for the controversy in question shall be deemed fixed. All claims, demands, denials of claims and notices pursuant to this Condition N shall be given in accordance with Condition U below.

(2) The Board of Arbitration shall fix, by a notice in writing to the parties involved, a reasonable time and place for the hearing and may prescribe reasonable rules and regulations governing the course and conduct of the arbitration proceeding, including without limitation discovery by the parties.

(3) The Board shall, within ninety (90) calendar days following the conclusion of the hearing, render its decision on the matter or matters in controversy in writing and shall cause a copy thereof to be served on all the parties thereto. In case the Board fails to reach a unanimous decision, the decision of the majority of the

members of the Board shall be deemed to be the decision of the Board and the same shall be final and binding on the parties thereto. Such decision shall be a complete defense to any attempted appeal or litigation of such decision in the absence of fraud or collusion. Without limiting the foregoing, the parties waive any right to appeal to, and/or seek collateral review of the decision of the Board of Arbitration by, any court or other body to the fullest extent permitted by applicable law.

(4)     Any order as to the costs of the arbitration shall be in the sole discretion of the Board, who may direct to whom and by whom and in what manner they shall be paid.

(5)     The Company and the Insured agree that in the event that claims for indemnity or contribution are asserted in any action or proceeding against the Company by any of the Insured's other insurers in any jurisdiction or forum other than that set forth in this Condition N, the Insured will in good faith take all reasonable steps requested by the Company to assist the Company in obtaining a dismissal of these claims (other than on the merits) and will, without limitation, undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that the Company would have been liable to such insurers for indemnity or contribution pursuant to this Policy. The Insured shall be entitled to assert claims against the Company for coverage under this Policy, including, without limitation, amounts by which the Insured reduced its judgment against such other insurers in respect of such claims for indemnity or contribution, in an arbitration between the Company and the Insured pursuant to this Condition N, which arbitration may take place before, concurrently with and/or after the action or proceeding involving such other insurers; provided, however, that the Company in such arbitration in respect of such reduction of any judgment shall be entitled to raise any defenses under this Policy and any other defense (other than jurisdictional defenses) as it would have been entitled to raise in the action or proceeding with such insurers (and no determination in any such action or proceeding involving such other insurers shall have collateral estoppel, res judicata or other issue preclusion or estoppel effect against the Company in such arbitration, irrespective of whether or not the Company remained a party to such action or proceeding).

9.     The arbitration clause of the X.L. policy falls under the Arbitration Convention under 9 U.S.C. § 202 because it is included in a commercial contract between a United States corporation and a Bermuda corporation.

10.     There is a dispute between X.L. and Georgia Gulf concerning insurance coverage for some or all of the claims in the State Action and the Consolidated Actions, and X.L. has demanded arbitration of that dispute. This dispute arose after plaintiffs were permitted over X.L.'s objection to amend their pleadings in October 1998. There is also a dispute between X.L. and the claimants in the State Action and all of the Consolidated Actions that have been removed to this Court. This dispute arises under the terms of the X.L. Policy, including its arbitration clause; the Arbitration Convention; 9 U.S.C. §§ 201-208; and other applicable law.

11.     The insurance policy that Primex issued to Georgia Gulf that is relevant to the State Action and the Consolidated Actions includes the following arbitration clause:

> 6.4     Disputes
>
> (a)     Any controversy or claim based upon, arising out of or relating to this policy, or the breach, termination or validity thereof, shall be fully and finally determined by an arbitration conducted in accordance with the Center For Public Resources Non-Administered Arbitration Rules by a sole arbitrator. The Arbitrator shall be governed by the Convention on The Recognition and Enforcement of Foreign Arbitral Awards, and judgment on the award may be entered by any court having jurisdiction thereof. The place of arbitration shall be Barbados, unless the parties to the dispute agree on some other location outside the United States of America. The arbitrator shall have the power to hear and determine challenges to his or her jurisdiction and shall also have the power to determine the existence, validity or scope of the policy and/or of the arbitration provisions of the policy. For purposes of challenges to the jurisdiction of the arbitrator, the arbitration provisions of the policy shall be considered as separate from the remainder of the policy.
>
> (b)     Any person claiming rights of any kind based upon, arising out of or relating to this policy shall be deemed to have agreed to the

arbitration provisions of this policy. This includes, without limitation, persons making claims based on their alleged status as an Insured under the policy, persons who are making claims for damages against other persons who are allegedly Insureds under this policy, and persons who are other insurers of Insureds under this policy.

(c)     Agreement to and compliance with the arbitration provisions of this policy are conditions precedent to making any claim against the Company or obtaining any payments from the Company based upon, arising out of or relating to this policy. No one may claim any rights based upon, arising out of or relating to the policy without also accepting and complying with the arbitration provisions of the policy. Any person who does not promptly comply with the arbitration provisions of this policy upon request of the Company shall forfeit whatever rights that person might otherwise have had based upon, arising out of or relating to the policy. For example, any person who initiates or continues litigation against the Company in any court in any jurisdiction with respect to matters that are based upon, arise out of or relate to this policy shall be obligated voluntarily to dismiss such litigation against the Company upon request of the Company. Failure to do so promptly shall result in the forfeiture of whatever rights that person might otherwise have had to obtain any payments from the Company based upon, arising out of or relating to this policy.

12.     The arbitration clause of the Primex policy falls under the Arbitration Convention under 9 U.S.C. § 202 because it is included in a commercial contract between a United States corporation and a Barbados corporation.

13.     There are disputes between Primex and Georgia Gulf concerning insurance coverage for some or all of the claims in the State Action and the Consolidated Actions, and Primex has demanded arbitration of those disputes. There is also a dispute between Primex and the claimants in the State Action and all of the Consolidated Actions that have been removed to this Court concerning the right of the claimants to initiate and to continue litigation against Primex in state and federal court in Louisiana. These disputes arise under the terms of the

Primex Policy, including its arbitration clause; the Arbitration Convention; 9 U.S.C. §§ 201-208; and other applicable law.

14.      This Court has subject matter jurisdiction of an action or proceeding falling under the Arbitration Convention pursuant to 9 U.S.C. § 203.

15.      Under 9 U.S.C. § 205, state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court at any time before trial. Section 205 provides, in relevant part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

16.      The subject matter of the State Action, and all of the Consolidated Actions that have been removed to this Court, relates to arbitration agreements falling under the Convention within the meaning of 9 U.S.C. § 205. *See Ieyoub v. The American Tobacco Co., et al., No. 97-1174 (W.D. La. slip op. September 11, 1997), appeal pending (5th Cir.).*

17.      Under 9 U.S.C. §§ 203 and 205, Petitioners are entitled to a federal forum to determine their rights under the arbitration clauses of their policies, the Arbitration Convention and 9 U.S.C. §§ 201-208.

18.      Petitioners contend that consent to removal by all defendants is not required. (*See* Judge John V. Parker's ruling denying plaintiffs' motion to remand *Ken Acosta, et al. v. Master Maintenance & Construction, Inc., et al., No. 98-1065-A-M2*). Nevertheless, petitioners represent that Georgia Gulf and certain defendants who have been properly served with summons and complaints in the State Action and all of the Consolidated Actions that have been removed

to this Court have consented to this removal. Attached are copies of the consent to removal signed by these defendants.

19.     Petitioners will provide the Court with anything it requires under 28 U.S.C. § 1446(a) and/or 28 U.S.C. § 1447(b).

20.     Petitioners attach copies of all process, pleadings and orders served upon them as required by 28 U.S.C. § 1446(a).

21.     Petitioners will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

22.     Petitioners will give written notice of this removal and file a copy with the Clerk of the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, as required by 28 U.S.C. § 1446(d). Petitioners will also provide notice to the First Circuit Court of Appeal, State of Louisiana in connection with proceedings pending in that Court which arise from the State Action.

23.     Petitioners reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Petitioners respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: March  2  , 1999

Respectfully submitted:

Marshall M. Redmon, T.A. (Bar No. 18398)
PHELPS DUNBAR
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Telecopier: (225) 346-0285

*Attorneys for Primex, Ltd.*

Barkley & Thompson, L.C.
**THOMAS E. SCHWAB, T.A. (#2099)**
1515 Poydras Street,
Suite 2350
New Orleans, Louisiana   70112
Telephone: (504) 595-3350

By:_____
       Thomas E. Schwab
*ATTORNEYS FOR X.L. INSURANCE
COMPANY, LTD.*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LUCIEN TEMPLET, JR.; MELISSA POLK, wife of/ and CHRIS POLK; PERCY SHANG GANN; MELBA IRVIN, wife of/and JIMMY IRVIN; JOHN WOODRUFF and GLORIA RODRIQUEZ, wife of/and HECTOR RODRIGUEZ and TRACY L. CANTERBURY
    **Plaintiffs**

VERSUS

HYDROCHEM, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; DR. JAMES GRACE, TRENT SMITH; STEVE VARNADO, JR.; GEORGIA GULF CORPORATION; BILL TRAUX; MASTER MAINTENANCE CORPORATION a/k/a MASTER MANAGEMENT CORPORATION; PAYNE AND KELLER COMPANY, INC.; LEXINGTON INSURANCE COMPANY; LOUISIANA INTRASTATE GAS COMPANY, L.L.C.; LOUISIANA INTRASTATE GAS CORPORATION; AMOCO PIPELINE COMPANY; AMOCO ENERGY TRADING CORPORATION; X. L. INSURANCE COMPANY, LTD. and PRIMEX, LTD.
    **Defendants**

CIVIL ACTION NO. _____

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    BEFORE ME, the undersigned authority, personally came and appeared

### MARSHALL M. REDMON

who, after first being duly sworn, did depose and say: that all of the allegations contained in

the Notice of Removal filed herein are true and correct to the best of his knowledge, information and belief.

_____
MARSHALL M. REDMON (#18398)

SWORN TO and subscribed before me, Notary, this ⟍ day of March, 1999.

_____
NOTARY PUBLIC

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LUCIEN TEMPLET, JR.; MELISSA
POLK, wife of/ and CHRIS POLK;
PERCY SHANG GANN; MELBA IRVIN,
wife of/and JIMMY IRVIN; JOHN
WOODRUFF and GLORIA RODRIQUEZ,
wife of/and HECTOR RODRIGUEZ and
TRACY L. CANTERBURY
    **Plaintiffs**

VERSUS

HYDROCHEM, INC.; HYDROCHEM
INDUSTRIAL SERVICES, INC.; DR.
JAMES GRACE, TRENT SMITH; STEVE
VARNADO, JR.; GEORGIA GULF
CORPORATION; BILL TRAUX;
M A S T E R    M A I N T E N A N C E
CORPORATION a/k/a MASTER
MANAGEMENT CORPORATION;
PAYNE AND KELLER COMPANY,
INC.; LEXINGTON INSURANCE
COMPANY; LOUISIANA INTRASTATE
GAS COMPANY, L.L.C.; LOUISIANA
INTRASTATE GAS CORPORATION;
AMOCO PIPELINE COMPANY; AMOCO
ENERGY TRADING CORPORATION; X.
L. INSURANCE COMPANY, LTD. and
PRIMEX, LTD.
    **Defendants**

CIVIL ACTION NO. _____

## <u>PROOF OF SERVICE</u>

**MARSHALL M. REDMON**, being duly sworn, does depose and say:

That he is the counsel for Primex, Ltd., defendant herein; that on the ___2___ day of March

1999, after the Notice of Removal had been filed with the above court, he hand delivered and/or

mailed by depositing same in the United States Mail, postage prepaid, and properly addressed a

copy of said Notice of Removal and attachments to the following attorneys for plaintiffs:

Daniel E. Becnel, Jr. (#2926)
LAW OFFICE OF DANIEL E.
BECNEL, JR.
P. O. Drawer H
Reserve, LA 70084
Telephone: (504) 536-1186
Telecopier: (504) 536-6445

Mr. Robert H. Schmolke (#8802)
Ms. D. Adele Owen (#21001)
ROBERT H. SCHMOLKE, A
PROFESSIONAL LAW CORP.
9100 Bluebonnet Centre Blvd., #400
Baton Rouge, LA 70809
Telephone: (225) 291-9797
Telecopier: (225) 293-3681

Affiant further deposes and says that on the same day, immediately following delivery of the aforesaid papers, he had a copy of said Notice of Removal delivered by hand to the Clerk of Court for the 18th Judicial District Court for the Parish of Iberville, State of Louisiana for filing, in the matter entitled *Lucien Templet, Jr., et al. v. HydroChem, Inc., et al.*, bearing Suit Number 48,177, on the docket of said court, and to the Clerk of Court for the Louisiana First Circuit Court of Appeal.

MARSHALL M. REDMON (#18398)

SWORN TO and subscribed before me, Notary, this _____ day of March, 1999.

NOTARY PUBLIC

177397.0

## CONSENT TO REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Master Maintenance & Construction, Inc. and Lexington Insurance Company, and to the extent that it may be necessary or appropriate for them to do so, hereby register their consent to the removal of the actions in which Master Maintenance & Construction, Inc. and Lexington Insurance Company are parties defendant (identified in Exhibit A attached hereto) from the 18th Judicial District Court for the Parish of Iberville, State of Louisiana to this Court. Said defendants further express their consent to the various Notices of Removal filed contemporaneously herewith.

Respectfully submitted:

THE JUNEAU FIRM (A.P.L.C.)
The Harding Center
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, Louisiana 70505-1268
Telephone: 318/269-0052
Telecopier: 318/269-0061

Mr. Patrick A. Juneau (#7594)
Mr. Thomas R. Juneau (#23153)

Counsel for defendants, Master Maintenance & Construction, Inc. and Lexington Insurance Company

**EXHIBIT A**
**SUITS NAMING MASTER MAINTENANCE AND LEXINGTON DEFENDANTS**

*Kent Acosta, et al. v. Master Maintenance & Contstruction, Inc., et al.*, No. 48,746;

*Albert Adams, et al. v. Georgia Gulf Corporation, et al.*, No. 49,019;

*Brad Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,700;

*Jerome Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,436;

*Melford Allums, Jr., et al v. Georgia Gulf Corporation, et al*, No. 49,653;

*Angelina Anthony, et al. v. Master Maintenance & Construction, et al.*, No. 48,413;

*Gary Barber, et al. v. HydroChem Indusrial Services, Inc., et al.*, No. 49,589;

*Jonathan Battiste, et al. v. HydroChem Industrial Services, Inc., et al.*, No. 48,313;

*Norris Battiste, et al. v. Georgia Gulf Corporation, et al.*, No. 49,629;

*Jeff Bolin, et al. v. Master Maintenance, et al.*, No. 48,198;

*Patricia Breaux, et al. v. Georgia Gulf Corporation, et al.*, No. 49,642;

*Roy Burnthorn and Charlene Burnthorn v. Georgia Gulf Corporation, et al.*, No. 49,948;

*Concrete Solutions, Inc. v. Georgia Gulf Corporation, et al.*, No. 49,648;

*Terry Crook v. Georgia Gulf Corporation, et al.*, No. 51,101;

*Herman Daigle v. Georgia Gulf Corporation, et al.*, No. 49,222;

*Ross Dalfrey, et al. v. Georgia Gulf Corporation, et al.*, No. 48,328;

*Brent Darby, et al. v. Georgia Gulf Corporation, et al.*, No. 48,765;

*Robert Davis v. Georgia Gulf Corporation, et al.*, No. 48,486;

*Corey Delatte, et al. v. Georgia Gulf Corporation, et al.*, No. 49,673;

*Lawson Edwards, et al. v. Georgia Gulf Corporation, et al.*, No. 49,791;

*Gary Ester, et al. v. Master Maintenance Corporation, et al.*, No. 48,477;

*Neil Guidry, et al. v. Georgia Gulf Corporation, et al.*, No. 48,485;

*Rogers Guidry and Madeleine Guidry v. Georgia Gulf Corporation, et al.* No. 48,332;

*Howard Hayes, et al. v. Master Maintenance & Construction, Inc., et al.,* No. 48,734;

*Shannon Holmes, et al. v. Master Maintenance, et al.,* No. 50,986;

*Landry Horton, et al. v. Georgia Gulf Corporation,* No. 49,651;

*Risman Jenkins, Jr., et al. v. Georgia Gulf Corporation, et al.* No. 48,438;

*Morris Stephen Johnson and Emma Lou Johnson v. Georgia Gulf Corporation, et al.,* No. 48,510;

*James Jones, et al. v. Georgia Gulf Corporation, et al.,* No. 49,867;

*Mervel Albert King, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 48,828;

*Ray Knott, et al. v. Georgia Gulf Corporation, et al.,* No. 48,335;

*Ervin LaBostrie v. Master Maintenance & Construction, Inc. a/k/a Master Management Corporation, et al.,* No. 49,627;

*Roland Landry, et al. v. HydroChem, Inc., et al.,* No. 48,104;

*Luther Layfield, et al. v. HydroChem, Inc., et al.,* No. 49,247;

*Daniel Paul Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,336;

*Edgar C. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,337;

*Lennard J. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,339;

*Joseph C. Matherne v. Georgia Gulf Corporation, et al.,* No. 49,650;

*George DeWitt May, et al. v. Georgia Gulf Corporation, et al.,* No. 49,532;

*Lee A. Meyer, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 49,675;

*Raymond Naquin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,329;

*National Union Fire Insurance Company of Louisiana v. Master Maintenance & Construction, Inc., et al.,* No. 49,567;

*David Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,333;

*Michael Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,331;

*Ronald Poche, Sr., et al. v. HydroChem, Inc., et al.,* No. 48,215;

*Barry I. Ricca, et al., v. Georgia Gulf Corporation, et al.,* No. 49,664;

*Charles Myron Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,764;

*Lionel Wayne Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,334;

*Scott Richardson v. Georgia Gulf Corporation, et al.,* No. 49,667;

*David Joseph Robin, et al. V. Georgia Gulf Corporation, et al.,* No. 48,330;

*Randel Keith Schexnayder, et al. v. Georgia Gulf Corporation, et al.,* No. 49,652;

*Dallas Severio, et al. v. HydroChem Industrial Services, Inc., et al.,* No. 50,449;

*Clifford Simon, et al. v. Georgia Gulf Corporation, et al.,* No. 49,674;

*Anderson Smith, et al. v. Georgia Gulf Corporation, et al.,* No. 48,135;

*Dale Summers, et al. v. Georgia Gulf Corporation, et al.,* No. 49,416;

*Clarence Taylor v. Georgia Gulf Corporation, et al.,* No. 48,338;

*Lucien Templet, Jr., et al. v. HydroChem, Inc., et al.,* No. 48,177;

*Boyd Trahan, et al. v. Georgia Gulf Corporation, et al.,* No. 49,585,

*Ronald White v. Georgia Gulf Corporation, et al.,* No. 49,292;

*Brandon Wilson, et al. v. Georgia Gulf Corporation, et al.,* No. 49,635;

*Cecil Linwood Zachary, et al. v. Georgia Gulf Corporation, et al.,* No. 49,404.

## CONSENT TO REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, HydroChem Industrial Services, Inc. (at times incorrectly identified as HydroChem, Inc. or HydroControl, Inc.), and to the extent that it may be necessary or appropriate for it to do so, hereby registers its consent to the removal of the actions in which HydroChem Industrial Services, Inc. is a party defendant (identified in Exhibit A attached hereto) from the 18th Judicial District Court for the Parish of Iberville, State of Louisiana to this Court. Said defendant further expresses its consent to the various Notices of Removal filed contemporaneously herewith.

Respectfully submitted:

MCGLINCHEY STAFFORD, A PLLC
643 Magazine Street (70130)
Post Office Box 60643
New Orleans, Louisiana 70160-0643
Telephone: 504/586-1200
Telecopier: 504/596-2864

Eric A. Shuman (#2107)
Elizabeth Palermo Blitch (#20703)

Counsel for defendant, HydroChem Industrial Services, Inc.

*Kent Acosta, et al. v. Master Maintenance & Contstruction, Inc., et al.*, No. 48,746;

*Albert Adams, et al. v. Georgia Gulf Corporation, et al.*, No. 49,019;

*Brad Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,700;

*Jerome Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,436;

*Melford Allums, Jr., et al v. Georgia Gulf Corporation, et al*, No. 49,653;

*Angelina Anthony, et al. v. Master Maintenance & Construction, et al.*, No. 48,413;

*Elvis Aucoin, et al. v. Georgia Gulf Corporation, et al.*, No. 49,662;

*Kevin Babin, et al. v. Payne & Keller Company, Inc., et al.*, No. 51,502;

*Gary Barber, et al. v. HydroChem Indusrial Services, Inc., et al.*, No. 49,589;

*Jonathan Battiste, et al. v. HydroChem Industrial Services, Inc., et al.*, No. 48,313;

*Norris Battiste, et al. v. Georgia Gulf Corporation, et al.*, No. 49,629;

*John Beadle, et al. v. Georgia Gulf Corporation, et al.*, No. 49,661;

*Shirley Blake, et al. v. Georgia Gulf Corporation, et al.*, No. 49,669;

*Jeff Bolin, et al. v. Master Maintenance, et al.*, No. 48,198;

*Joseph E. Braud v. Amoco Energy Trading Corporation, et al.*, No. 49,454;

*Patricia Breaux, et al. v. Georgia Gulf Corporation, et al.*, No. 49,642;

*Dick Brooks, et al. v. Georgia Gulf Corporation, et al.*, No. 49,590;

*Roy Burnthorn and Charlene Burnthorn v. Georgia Gulf Corporation, et al.*, No. 49,948;

*Herman Daigle v. Georgia Gulf Corporation, et al.*, No. 49,222;

*Ross Dalfrey, et al. v. Georgia Gulf Corporation, et al.*, No. 48,328;

*Brent Darby, et al. v. Georgia Gulf Corporation, et al.*, No. 48,765;

*Robert Davis v. Georgia Gulf Corporation, et al.*, No. 48,486;

*Corey Delatte, et al. v. Georgia Gulf Corporation, et al.,* No. 49,673;

*Lawson Edwards, et al. v. Georgia Gulf Corporation, et al.,* No. 49,791;

*Gary Ester, et al. v. Master Maintenance Corporation a/k/a Master Management Corporation,* No. 48,477;

*Neil Guidry, et al. v. Georgia Gulf Corporation, et al.,* No. 48,485;

*Rogers Guidry and Madeleine Guidry v. Georgia Gulf Corporation, et al.* No. 48,332;

*Howard Hayes, et al. v. Master Maintenance & Construction, Inc., et al.,* No. 48,734;

*Shannon Holmes, et al. v. Master Maintenance, et al.,* No. 50,986;

*Landry Horton, et al. v. Georgia Gulf Corporation,* No. 49,651;

*Risman Jenkins, Jr., et al. v. Georgia Gulf Corporation, et al.* No. 48,438;

*Morris Stephen Johnson and Emma Lou Johnson v. Georgia Gulf Corporation, et al.,* No. 48,510;

*James Jones, et al. v. Georgia Gulf Corporation, et al.,* No. 49,867;

*Mervel Albert King, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 48,828;

*Ray Knott, et al. v. Georgia Gulf Corporation, et al.,* No. 48,335;

*Ervin LaBostrie v. Master Maintenance & Construction, Inc. a/k/a Master Management Corporation, et al.,* No. 49,627;

*Roland Landry, et al. v. HydroChem, Inc., et al.,* No. 48,104;

*Luther Layfield, et al. v. HydroChem, Inc., et al.,* No. 49,247;

*Daniel Paul Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,336;

*Edgar C. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,337;

*Lennard J. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,339;

*George DeWitt May, et al. v. Georgia Gulf Corporation, et al.,* No. 49,532;

*Lee A. Meyer, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 49,675;

*Raymond Naquin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,329;

*National Union Fire Insurance Company of Louisiana v. Master Maintenance & Construction, Inc., et al.,* No. 49,567;

*David Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,333;

*Michael Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,331;

*Ronald Poche, Sr., et al. v. HydroChem, Inc., et al.,* No. 48,215;

*Barry I. Ricca, et al., v. Georgia Gulf Corporation, et al.,* No. 49,664;

*Charles Myron Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,764;

*Lionel Wayne Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,334;

*Scott Richardson v. Georgia Gulf Corporation, et al.,* No. 49,667;

*David Joseph Robin, et al. V. Georgia Gulf Corporation, et al.,* No. 48,330;

*Dallas Severio, et al. v. HydroChem Industrial Services, Inc., et al.,* No. 50,449;

*Clifford Simon, et al. v. Georgia Gulf Corporation, et al.,* No. 49,674;

*Anderson Smith, et al. v. Georgia Gulf Corporation, et al.,* No. 48,135;

*Dale Summers, et al. v. Georgia Gulf Corporation, et al.,* No. 49,416;

*Clarence Taylor v. Georgia Gulf Corporation, et al.,* No. 48,338;

*Lucien Templet, Jr., et al. v. HydroChem, Inc., et al.,* No. 48,177;

*Ronald White v. Georgia Gulf Corporation, et al.,* No. 49,292;

*Brandon Wilson, et al. v. Georgia Gulf Corporation, et al.,* No. 49,635;

*Cecil Linwood Zachary, et al. v. Georgia Gulf Corporation, et al.,* No. 49,404.

## CONSENT TO REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Payne & Keller Company, Inc., and to the extent that it may be necessary or appropriate for it to do so, hereby registers its consent to the removal of the actions in which Payne & Keller Company, Inc. is a party defendant (identified in Exhibit A attached hereto) from the 18th Judicial District Court for the Parish of Iberville, State of Louisiana to this Court. Said defendant further expresses its consent to the various Notices of Removal filed contemporaneously herewith.

Respectfully submitted:

MCGLINCHEY STAFFORD, A PLLC
643 Magazine Street (70130)
Post Office Box 60643
New Orleans, Louisiana 70160-0643
Telephone: 504/586-1200
Telecopier: 504/5596-2864

Mr. Henri Wolbrette, III (#13631)
Mr. James M. Garner (#19589)
Ms. Ann D. Levine (#21717)

Counsel for defendant, Payne & Keller Company, Inc.

*Kent Acosta, et al. v. Master Maintenance & Contstruction, Inc., et al.*, No. 48,746;

*Albert Adams, et al. v. Georgia Gulf Corporation, et al.*, No. 49,019;

*Brad Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,700;

*Jerome Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,436;

*Melford Allums, Jr., et al v. Georgia Gulf Corporation, et al*, No. 49,653;

*Angelina Anthony, et al. v. Master Maintenance & Construction, et al.*, No. 48,413;

*Elvis Aucoin, et al. v. Georgia Gulf Corporation, et al.*, No. 49,662;

*Kevin Babin, et al. v. Payne & Keller Company, Inc., et al.*, No. 51,502;

*Gary Barber, et al. v. HydroChem Indusrial Services, Inc., et al.*, No. 49,589;

*Jonathan Battiste, et al. v. HydroChem Industrial Services, Inc., et al.*, No. 48,313;

*Norris Battiste, et al. v. Georgia Gulf Corporation, et al.*, No. 49,629;

*John Beadle, et al. v. Georgia Gulf Corporation, et al.*, No. 49,661;

*Jeff Bolin, et al. v. Master Maintenance, et al.*, No. 48,198;

*Patricia Breaux, et al. v. Georgia Gulf Corporation, et al.*, No. 49,642;

*Roy Burnthorn and Charlene Burnthorn v. Georgia Gulf Corporation, et al.*, No. 49,948;

*Concrete Solutions, Inc. v. Georgia Gulf Corporation, et al.*, No. 49,648;

*Terry Crook v. Georgia Gulf Corporation, et al.*, No. 51,101;

*Herman Daigle v. Georgia Gulf Corporation, et al.*, No. 49,222;

*Ross Dalfrey, et al. v. Georgia Gulf Corporation, et al.*, No. 48,328;

*Brent Darby, et al. v. Georgia Gulf Corporation, et al.*, No. 48,765;

*Robert Davis v. Georgia Gulf Corporation, et al.*, No. 48,486;

*Corey Delatte, et al. v. Georgia Gulf Corporation, et al.*, No. 49,673;

*Lawson Edwards, et al. v. Georgia Gulf Corporation, et al.,* No. 49,791;

*Gary Ester, et al. v. Master Maintenance Corporation, et al.,* No. 48,477;

*Neil Guidry, et al. v. Georgia Gulf Corporation, et al.,* No. 48,485;

*Rogers Guidry and Madeleine Guidry v. Georgia Gulf Corporation, et al.* No. 48,332;

*Howard Hayes, et al. v. Master Maintenance & Construction, Inc., et al.,* No. 48,734;

*Shannon Holmes, et al. v. Master Maintenance, et al.,* No. 50,986;

*Landry Horton, et al. v. Georgia Gulf Corporation,* No. 49,651;

*Risman Jenkins, Jr., et al. v. Georgia Gulf Corporation, et al.* No. 48,438;

*Morris Stephen Johnson, et al. v. Georgia Gulf Corporation, et al.,* No. 48,510;

*James Jones, et al. v. Georgia Gulf Corporation, et al.,* No. 49,867;

*Mervel Albert King, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 48,828;

*Ray Knott, et al. v. Georgia Gulf Corporation, et al.,* No. 48,335;

*Ervin LaBostrie v. Master Maintenance & Construction, Inc., et al.,* No. 49,627;

*Roland Landry, et al. v. HydroChem, Inc., et al.,* No. 48,104;

*Luther Layfield, et al. v. HydroChem, Inc., et al.,* No. 49,247;

*Daniel Paul Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,336;

*Edgar C. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,337;

*Lennard J. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,339;

*Joseph C. Matherne v. Georgia Gulf Corporation, et al.,* No. 49,650;

*George DeWitt May, et al. v. Georgia Gulf Corporation, et al.,* No. 49,532;

*Lee A. Meyer, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 49,675;

*Raymond Naquin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,329;

*National Union Fire Insurance Company of Louisiana v. Master Maintenance & Construction, Inc., et al.,* No. 49,567;

*David Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,333;

*Michael Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,331;

*Ronald Poche, Sr., et al. v. HydroChem, Inc., et al.,* No. 48,215;

*Barry I. Ricca, et al., v. Georgia Gulf Corporation, et al.,* No. 49,664;

*Charles Myron Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,764;

*Lionel Wayne Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,334;

*Scott Richardson v. Georgia Gulf Corporation, et al.,* No. 49,667;

*David Joseph Robin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,330;

*Randel Keith Schexnayder, et al. v. Georgia Gulf Corporation, et al.,* No. 49,652;

*Dallas Severio, et al. v. HydroChem Industrial Services, Inc., et al.,* No. 50,449;

*Clifford Simon, et al. v. Georgia Gulf Corporation, et al.,* No. 49,674;

*Anderson Smith, et al. v. Georgia Gulf Corporation, et al.,* No. 48,135;

*Dale Summers, et al. v. Georgia Gulf Corporation, et al.,* No. 49,416;

*Clarence Taylor v. Georgia Gulf Corporation, et al.,* No. 48,338;

*Lucien Templet, Jr., et al. v. HydroChem, Inc., et al.,* No. 48,177;

*Boyd Trahan, et al. v. HydroChem, Inc., et al.,* No. 49,585;

*Ronald White v. Georgia Gulf Corporation, et al.,* No. 49,292;

*Brandon Wilson, et al. v. Georgia Gulf Corporation, et al.,* No. 49,635;

*Cecil Linwood Zachary, et al. v. Georgia Gulf Corporation, et al.,* No. 49,404.

## CONSENT TO REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendants, Georgia Gulf Corporation, Trent Smith, Steve Varnado, Mike Joiner, Bill Truax and Dr. James Grace, (hereinafter collectively "Georgia Gulf"), and to the extent that it may be necessary or appropriate for them to do so, hereby register their consent to the removal of the actions in which Georgia Gulf is a party defendant (identified in Exhibit A attached hereto) from the 18th Judicial District Court for the Parish of Iberville, State of Louisiana to this Court. Said defendants further express their consent to the various Notices of Removal filed contemporaneously herewith.

Respectfully submitted;

Emile C. Rolfs, III (#11431)
Luis A. Leitzelar (#20927)
BREAZEALE, SACHSE & WILSON, L.L.P.
P.O. Box 3197
One American Place, 23rd Floor
Baton Rouge, LA 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 381-8029

Reginald R. Smith
KING & SPALDING
1100 Louisiana Street, Suite 3300
Houston, TX 77002-5219
Telephone: (713) 751-3200
Telecopier: (713) 751-3290'

F. Barry Marionneaux (#09277)
F. Charles Marionneaux (#18320)
MARIONNEAUX & MARIONNEAUX
23615 Railroad Avenue
Plaquemine, LA 70764
Telephone: (225) 687-6884
Telecopier: (225) 684-6886

*Kent Acosta, et al. v. Master Maintenance & Contstruction, Inc., et al.*, No. 48,746;

*Albert Adams, et al. v. Georgia Gulf Corporation, et al.*, No. 49,019;

*Brad Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,700;

*Jerome Allen, et al. v. Georgia Gulf Corporation, et al.*, No. 48,436;

*Melford Allums, Jr., et al v. Georgia Gulf Corporation, et al*, No. 49,653;

*Angelina Anthony, et al. v. Master Maintenance & Construction, et al.*, No. 48,413;

*Elvis Aucoin, et al. v. Georgia Gulf Corporation, et al.*, No. 49,662;

*Kevin Babin, et al. v. Payne & Keller Company, Inc., et al.*, No. 51,502;

*Gary Barber, et al. v. HydroChem Indusrial Services, Inc., et al.*, No. 49,589;

*Jonathan Battiste, et al. v. HydroChem Industrial Services, Inc., et al.*, No. 48,313;

*Norris Battiste, et al. v. Georgia Gulf Corporation, et al.*, No. 49,629;

*John Beadle, et al. v. Georgia Gulf Corporation, et al.*, No. 49,661;

*Shirley Blake, et al. v. Georgia Gulf Corporation, et al.*, No. 49,669;

*Jeff Bolin, et al. v. Master Maintenance, et al.*, No. 48,198;

*Joseph E. Braud v. Amoco Energy Trading Corporation, et al.*, No. 49,454;

*Patricia Breaux, et al. v. Georgia Gulf Corporation, et al.*, No. 49,642;

*Dick Brooks, et al. v. Georgia Gulf Corporation, et al.*, No. 49,590;

*Roy Burnthorn and Charlene Burnthorn v. Georgia Gulf Corporation, et al.*, No. 49,948;

*Concrete Solutions, Inc. v. Georgia Gulf Corporation, et al.*, No. 49,648;

*Terry Crook v. Georgia Gulf Corporation, et al.*, No. 51,101;

*Herman Daigle v. Georgia Gulf Corporation, et al.*, No. 49,222;

*Ross Dalfrey, et al. v. Georgia Gulf Corporation, et al.*, No. 48,328;

*Brent Darby, et al. v. Georgia Gulf Corporation, et al.,* No. 48,765;

*Robert Davis v. Georgia Gulf Corporation, et al.,* No. 48,486;

*Corey Delatte, et al. v. Georgia Gulf Corporation, et al.,* No. 49,673;

*Lawson Edwards, et al. v. Georgia Gulf Corporation, et al.,* No. 49,791;

*Gary Ester, et al. v. Master Maintenance Corporation a/k/a Master Management Corporation,* No. 48,477;

*Neil Guidry, et al. v. Georgia Gulf Corporation, et al.,* No. 48,485;

*Rogers Guidry and Madeleine Guidry v. Georgia Gulf Corporation, et al.* No. 48,332;

*Howard Hayes, et al. v. Master Maintenance & Construction, Inc., et al.,* No. 48,734;

*Shannon Holmes, et al. v. Master Maintenance, et al.,* No. 50,986;

*Landry Horton, et al. v. Georgia Gulf Corporation,* No. 49,651;

*Risman Jenkins, Jr., et al. v. Georgia Gulf Corporation, et al.* No. 48,438;

*Morris Stephen Johnson and Emma Lou Johnson v. Georgia Gulf Corporation, et al.,* No. 48,510;

*James Jones, et al. v. Georgia Gulf Corporation, et al.,* No. 49,867;

*Mervel Albert King, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 48,828;

*Ray Knott, et al. v. Georgia Gulf Corporation, et al.,* No. 48,335;

*Ervin LaBostrie v. Master Maintenance & Construction, Inc. a/k/a Master Management Corporation, et al.,* No. 49,627;

*Roland Landry, et al. v. HydroChem, Inc., et al.,* No. 48,104;

*Luther Layfield, et al. v. HydroChem, Inc., et al.,* No. 49,247;

*Daniel Paul Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,336;

*Edgar C. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,337;

*Lennard J. Martin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,339;

*Joseph C. Matherne v. Georgia Gulf Corporation, et al.,* No. 49,650;

*George DeWitt May, et al. v. Georgia Gulf Corporation, et al.,* No. 49,532;

*Lee A. Meyer, Jr., et al. v. Georgia Gulf Corporation, et al.,* No. 49,675;

*John Alwyn Mitchell, et al. v. Georgia Gulf Corporation, et al.,* No. 50,801;

*Raymond Naquin, et al. v. Georgia Gulf Corporation, et al.,* No. 48,329;

*National Union Fire Insurance Company of Louisiana v. Master Maintenance & Construction, Inc., et al.,* No. 49,567;

*David Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,333;

*Michael Olivier, et al. v. Georgia Gulf Corporation, et al.,* No. 48,331;

*Ronald Poche, Sr., et al. v. HydroChem, Inc., et al.,* No. 48,215;

*Barry I. Ricca, et al., v. Georgia Gulf Corporation, et al.,* No. 49,664;

*Charles Myron Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,764;

*Lionel Wayne Richard, et al. v. Georgia Gulf Corporation, et al.,* No. 48,334;

*Scott Richardson v. Georgia Gulf Corporation, et al.,* No. 49,667;

*David Joseph Robin, et al. V. Georgia Gulf Corporation, et al.,* No. 48,330;

*Randel Keith Schexnayder, et al. v. Georgia Gulf Corporation, et al.,* No 49,652;

*Dallas Severio, et al. v. HydroChem Industrial Services, Inc., et al.,* No. 50,449;

*Clifford Simon, et al. v. Georgia Gulf Corporation, et al.,* No. 49,674;

*Anderson Smith, et al. v. Georgia Gulf Corporation, et al.,* No. 48,135;

*Dale Summers, et al. v. Georgia Gulf Corporation, et al.,* No. 49,416;

*Clarence Taylor v. Georgia Gulf Corporation, et al.,* No. 48,338;

*Lucien Templet, Jr., et al. v. HydroChem, Inc., et al.,* No. 48,177;

*Boyd Trahan, et al. v. Georgia Gulf Corporation, et al.,* No. 49,585;

*Ronald White v. Georgia Gulf Corporation, et al.,* No. 49,292;

*Brandon Wilson, et al. v. Georgia Gulf Corporation, et al.,* No. 49,635;

*Cecil Linwood Zachary, et al. v. Georgia Gulf Corporation, et al.*, No. 49,404.

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LUCIEN TEMPLET, JR.; MELISSA
POLK, wife of/ and CHRIS POLK; PERCY
SHANG GANN; MELBA IRVIN, wife
of/and JIMMY IRVIN; JOHN WOODRUFF
and GLORIA RODRIQUEZ, wife of/and
HECTOR RODRIGUEZ and TRACY L.
CANTERBURY
    **Plaintiffs**

VERSUS

HYDROCHEM, INC.; HYDROCHEM
INDUSTRIAL SERVICES, INC.; DR.
JAMES GRACE, TRENT SMITH; STEVE
VARNADO, JR.; GEORGIA GULF
CORPORATION; BILL TRAUX; MASTER
MAINTENANCE CORPORATION a/k/a
M A S T E R  M A N A G E M E N T
CORPORATION; PAYNE AND KELLER
COMPANY, INC.; LEXINGTON
INSURANCE COMPANY; LOUISIANA
INTRASTATE GAS COMPANY, L.L.C.;
LOUISIANA INTRASTATE GAS
CORPORATION; AMOCO PIPELINE
COMPANY; AMOCO ENERGY
TRADING CORPORATION; X. L.
INSURANCE COMPANY, LTD. and
PRIMEX, LTD.
    **Defendants**

CIVIL ACTION NO. _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was this day hand delivered

and/or mailed, postage prepaid and properly addressed to each of the following:

Daniel E. Becnel, Jr. (#2926)
LAW OFFICE OF DANIEL E. BECNEL, JR.
P. O. Drawer H
Reserve, LA 70084
Telephone: (504) 536-1186
Telecopier: (504) 536-6445

Mr. Robert H. Schmolke (#8802)
Ms. D. Adele Owen (#21001)
ROBERT H. SCHMOLKE, A
PROFESSIONAL LAW CORP.
9100 Bluebonnet Centre Blvd.,
Suite 400
Baton Rouge, LA 70809
Telephone: (225) 291-9797
Telecopier: (225) 293-3681

Mr. Eric A. Shuman (#2107)
Ms. Elizabeth Palmero Blitch (#20703)
MCGLINCHEY STAFFORD, A PLLC
643 Magazine Street
Post Office Box 60643
New Orleans, LA 70160-0643
Telephone: (504) 586-1200
Telecopier: (504) 596-2864

Mr. Henri Wolbrette, III (#13631)
Mr. James M. Garner (#19589)
Ms. Ann D. Levine (#21717)
MCGLINCHEY STAFFORD, A PLLC
643 Magazine Street
Post Office Box 60643
New Orleans, LA 70160-0643
Telephone: (504) 586-1200
Telecopier: (504) 596-2864

Mr. Patrick A. Juneau (#7594)
Mr. Thomas R. Juneau (#23153)
THE JUNEAU FIRM (A P.L.C.)
The Harding Center
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, LA 70505-1268
Telephone: (318) 269-0052
Telecopier: (318) 269-0061

Mr. Thomas E. Balhoff (#21126)
Ms. Judith R. Atkinson (#17240)
Attorney at Law
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
Telephone: (225) 929-7033
Telecopier: (225) 928-4925

Mr. Ronald A. Johnson (#7329)
Mr. Michael W. Mallory (#19692)
Mr. Salvatore A. Faso, II (#24411)
JOHNSON, JOHNSON, BARRIOS &
YACOUBIAN
4900 One Shell Square
New Orleans, LA 70139-7701
Telephone: (504) 528-3001
Telecopier: (504) 528-3030

Mr. Hal C. Welch (#13344)
Ms. Amy L. Baird (#18057)
Mr. Dwight C. Paulsen, III (#19729)
Mr. Michael S. Sepcich (#24877)
Mr. C. William Bradley, Jr.
LEMLE & KELLEHER, L.L.P.
21st Floor, 601 Poydras Street
New Orleans, LA 70130-6097
Telephone: (504) 586-1241
Telecopier: (504) 584-9142

Mr. L. Phillip Canova, Jr. (#3851)
Mr. Thomas C. Delahaye (#18180)
CANOVA & DELAHAYE, L.L.C.
58156 Court Street
Plaquemine, LA 70764
Telephone: (504) 687-8340
Telecopier: (504) 687-1868

Mr. D. Russell Holwadel (#16975)
ADAMS, JOHNSTON & ORECK, A
P.L.C.
601 Poydras Street, Suite 2490
New Orleans, LA 70130
Telephone: (504) 581-2606
Telecopier: (504) 525-1488

Mr. John L. Rivkin
Mr. Michael A. Sirignano
RIVKIN, READLER & KREMER
EAB Plaza
Uniondale, NY 11556-0111
Telephone: (516) 357-3000
Telecopier: (516) 357-3333

Mr. Reginald R. Smith (#00792174)
Mr. J Kevin Buster (#099267)
KING & SPALDING
1000 Louisiana Street, Suite 3300
Houston, TX 77002-3200
Telephone: (713) 751-3200
Telecopier: (713) 751-3290

Mr. Emile C. Rolfs, III (#11431)
Mr. Luis A. Leitzelar (#20927)
BREAZEALE, SACHSE & WILSON, L.L.P.
P.O. Box 3197
One American Place, 23rd Floor
Baton Rouge, LA 70821-3197
Telephone: (225) 387-4000
Telecopier: (225) 381-8029

Mr. F. Barry Marionneaux (#09277)
Mr. F. Charles Marionneaux (#18320)
MARIONNEAUX & MARIONNEAUX
23615 Railroad Avenue
Plaquemine, Louisiana 70764
Telephone: (504) 687-6884
Telecopier: (504) 687-6886

Baton Rouge, Louisiana, this _____ day of March, 1999.

MARSHALL M. REDMON (#18398)

'FILED
U.S. DIST. COURT
MIDDI F DIST OF LA.

MIDDLE DISTRICT OF LOUISIANA

99 MAR -5 AM 7: 54

SIGH
RICHARD T. MARTIN
CLERK

LUCIEN TEMPLET, JR.; MELISSA POLK, wife of/ and CHRIS POLK; PERCY SHANG GANN; MELBA IRVIN, wife of/and JIMMY IRVIN; JOHN WOODRUFF and GLORIA RODRIQUEZ, wife of/and HECTOR RODRIGUEZ and TRACY L. CANTERBURY
    **Plaintiffs**

CIVIL ACTION NO.

VERSUS

HYDROCHEM, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; DR. JAMES GRACE, TRENT SMITH; STEVE VARNADO, JR.; GEORGIA GULF CORPORATION; BILL TRAUX; MASTER MAINTENANCE CORPORATION a/k/a M A S T E R    M A N A G E M E N T CORPORATION; PAYNE AND KELLER COMPANY, INC.; LEXINGTON INSURANCE COMPANY; LOUISIANA INTRASTATE GAS COMPANY, L.L.C.; LOUISIANA INTRASTATE GAS CORPORATION; AMOCO PIPELINE COMPANY; AMOCO ENERGY TRADING CORPORATION; X. L. INSURANCE COMPANY, LTD. and PRIMEX, LTD.
    **Defendants**

## NOTICE TO ADVERSE PARTIES

TO:    Daniel E. Becnel, Jr. (#2926)
LAW OFFICE OF DANIEL E. BECNEL, JR.
P. O. Drawer H
Reserve, LA 70084
Telephone: (504) 536-1186
Telecopier: (504) 536-6445

Mr. Robert H. Schmolke (#8802)
Ms. D. Adele Owen (#21001)
ROBERT H. SCHMOLKE, A PROFESSIONAL LAW CORP.
9100 Bluebonnet Centre Blvd., #400
Baton Rouge, LA 70809
Telephone: (225) 291-9797
Telecopier: (225) 293-3681

YOU ARE HEREBY NOTIFIED that on this ____5____ day of March 1999, defendants, PRIMEX, LTD. and X.L. INSURANCE COMPANY, LTD., have filed the attached Notice of Removal together with other attached documents with the Clerk of Court, Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, Louisiana 70801, and a copy of said Notice of Removal and notice of filing of removal has this date also been filed with the Clerk of Court for the 18th Judicial District Court, Parish of Iberville, State of Louisiana. A notice of filing of this removal has this date also been filed with the Clerk of Court for the Louisiana First Circuit Court of Appeal.

This Notice is filed pursuant to 28 U.S.C. Section 1446(d) to effect the removal of this action to the aforesaid United States District Court.

Respectfully Submitted:

PHELPS, DUNBAR, L.L.P.
445 North Boulevard, Suite 701
Baton Rouge, LA 70802
Telephone: (225) 346-0285
Telecopier: (225) 381-9197

MARSHALL M. REDMON (#18398)

*Counsel for Primex, Ltd.*

Barkley & Thompson, L.C.
**THOMAS E. SCHWAB, T.A. (#2099)**
1515 Poydras Street,
Suite 2350
New Orleans, Louisiana   70112
Telephone: (504) 595-3350

By:_____
     Thomas E. Schwab
*ATTORNEYS FOR X.L. INSURANCE
COMPANY, LTD.*